UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| MARYAM MUHAMMAD )<br> )<br>    Plaintiff, )<br> )<br>vs. )<br> )<br>UNIVERSITY OF LOUISVILLE )<br>    PEACE HOSPITAL )<br> )<br> )<br> )<br>    Defendant. )<br> ) | CASE NO.  3:22-cv-420-DJH |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Maryam Muhammad ("Muhammad" or "Plaintiff"), by counsel, brings this action against Defendant, University of Louisville Peace Hospital, ("Defendant"), for violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.* and the Kentucky Civil Rights Act.

### II. PARTIES

2. Muhammad is a resident of Jefferson County in the Commonwealth of Kentucky, who at all times relevant to this action resided within the geographical boundaries of the Western District of Kentucky.

3. Defendant conducts business within the geographical boundaries of the Western District of Kentucky.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367 and 42 U.S.C. §2000e-5(f)(3)

5. Jurisdiction is conferred on Muhammad's state law claims pursuant to 28 U.S.C. §1367 because her state law claims arise from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by KRS 344.030(2) and 42 U.S.C. §2000e(b).

7. Muhammad is an "employee" as that term is defined by KRS 344.030(5) and 42 U.S.C §2000e(f).

8. Muhammad satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on race and retaliation. Muhammad received the required Notice of her Right to Sue and timely files this action.

9. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

10. Muhammad is African American.

11. Muhammad was hired by Defendant on or about August 27, 2018, as an Assessment Clinician I. Eight months later, she became an Assessment Clinician II. At all relevant times, Muhammad has met or exceeded Defendant's legitimate performance expectations.

12. In or about early June 2021, Muhammad applied for a promotion to Lead Assessment Clinician. In July, she was tentatively offered the position, but told that she would have to work a five-day per week schedule. Muhammad informed Defendant that she could only work the same four-day shift that she had been working as an Assessment Clinician II. Defendant informed Muhammad that it could not offer her the position because she could not work the five-day per week schedule.

13. Defendant filled the Lead Assessment Clinician position with Alexis Poore, a Caucasian woman. Defendant allowed Poore to work the same four-day per week schedule that it had relied on to deny Muhammad the position. Muhammad is a far more qualified candidate than Poore for the position.

14. On or about September 7, 2021, Muhammad complained of the disparate treatment to Martha Mather, CEO. Mather told Muhammad that she would investigate and follow up with her; however, she never did.

15. Muhammad met with Mather again on or about October 19, 2021. Mather and the other woman in the room encouraged Muhammad to apply for a Supervisory position that had recently been posted. Muhammad did apply; however, she was informed on November 10, 2021, that she did not meet the qualifications for the position because she did not have enough supervisory experience.

16. Similarly situated Caucasian employees have been promoted to Supervisor without having prior supervisory experience.

17. On or about December 7, 2021, Muhammad filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission.

18. Thereafter, Muhammad again applied for a Lead Clinician role. She was initially offered the position, but it was later rescinded after she requested protection from future harassment and discrimination.

19. The Lead Clinician role was then given to Rebecca Collett, a Caucasian woman.

## V. CAUSES OF ACTION

### COUNT I: RACE DISCRIMINATION

20. Muhammad hereby incorporates paragraphs one (1) through nineteen (19) of her complaint as if the same were set forth at length herein.

21. Defendant discriminated against Muhammad by denying her one or more promotions because of her race.

22. Defendant's actions were intentional, willful, and in reckless disregard of Muhammad's rights as protected by Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act.

23. Muhammad has suffered damages as a result of the Defendant's unlawful actions.

### COUNT II: RETALIATION

24. Muhammad hereby incorporates paragraphs one (1) through twenty-three (23) of her Complaint as if the same were set forth at length herein.

25. Muhammad engaged in protected activity when she opposed race-based harassment and discrimination and/or filed her Charge of Discrimination with the Equal Employment Opportunity Commission.

26. Defendant retaliated against Muhammad by continuing to deny her the opportunity to advance.

27. Defendant's actions were intentional, willful, and taken in reckless disregard of Muhammad's legal rights.

28. Defendant's unlawful actions have violated Muhammad's rights as protected by Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act.

29. Muhammad suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Maryam Muhammad, respectfully requests that this court enter judgment in her favor and award her the following relief:

1. Reinstate Muhammad's employment to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Muhammad of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages;

5. Punitive damages for Defendant's violations of Title VII;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgement interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: /s/ Andrew Dutkanych
Andrew Dutkanych, Atty. No. 91190
144 North Delaware Street

               Indianapolis, IN 46204
               Telephone: (317) 991 - 4765
               Email: ad@bdlegal.com
               *Counsel for Plaintiff, Maryam Muhammad*

## **DEMAND FOR JURY TRIAL**

  Plaintiff, Maryam Muhammad, by counsel, requests a trial by jury on all issues deemed so triable.

               Respectfully submitted,

               BIESECKER DUTKANYCH & MACER, LLC
               By: /s/ Andrew Dutkanych
               Andrew Dutkanych, Atty. No. 91190
               144 North Delaware Street Indianapolis, IN 46204
               Telephone: (317) 991 - 4765
               Email: ad@bdlegal.com
                *Counsel for Plaintiff, Maryam Muhammad*